46 F.3d 1146
 75 A.F.T.R.2d 95-846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America; David Schulz, Revenue Officer,
Internal Revenue Service, Plaintiffs-Appellees,
v.
Robert W. DOUGLAS, Defendant-Appellant.
 No. 94-15220.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Douglas appeals pro se the district court's order holding him in civil contempt and imposing sanctions to compel him to comply with the court's order enforcing an Internal Revenue Service ("IRS") summons to produce documents and give relevant testimony. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 
 3
 The existence of subject matter jurisdiction is a question of law reviewed de novo. Nike, Inc. v. Comercial Iberica De Exlusivas, 20 F.3d 987, 990 (9th Cir. 1994). We affirm.[1]
 
 
 4
 * Background
 
 
 5
 The United States filed a petition seeking to enforce an IRS summons served on Douglas. After a hearing, the district court granted the government's petition on August 12, 1993. On August 26, 1993, Douglas filed an appeal of the district court's order granting the government's petition. The government filed a motion requesting the court to hold Douglas in contempt for failure to comply with the district court's August 12, 1993 order. On October 7, 1993, the district court issued an order specifying a time and place for Douglas to comply with the IRS summons. Douglas failed to comply with the order. On December 30, 1993, the court found Douglas in contempt and imposed sanctions.
 
 II
 Merits
 
 6
 On appeal, Douglas contends that the district court was without jurisdiction to impose civil contempt sanctions because the district court's August 12, 1993 order enforcing the summons was pending on appeal when the court imposed the sanctions. This contention lacks merit.
 
 
 7
 "Congress has determined that the power to hold a party in contempt is a discretionary power vested in the court whose order has been violated." In Re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1364 (9th Cir 1987). "Absent a stay, all orders and judgments of courts must be complied with promptly." Id. at 1365 (quotations omitted). Douglas's request for a stay pending appeal was denied. Because he failed to obtain a stay, he was obliged to comply with the district court's order. See id. Thus, the district court had jurisdiction to hold Douglas in contempt for failure to comply with its order. See id.
 
 
 8
 Douglas also contends the district court lacked jurisdiction to issue the October 7, 1993 order. He alleges that the order modifies the August 12, 1993 order and that such a modification is impermissible without a Fed. R. Civ. P. 60(b) motion from the government and without permission of this court to rule on the 60(b) motion. To the extent the district court's October 7, 1993 order modifies the August 12, 1993 order, the district court retained jurisdiction to do so. See Hoffman v. Beer Drivers & Salesmen's, 536 F.2d 1268, 1276 (9th Cir. 1976) (appeal from supervisory order does not divest district court of jurisdiction to continue supervision and modify order as necessary); see also Meinhold v. United States Department of Defense, 34 F.3d 1469, 1480 n.14 (9th Cir. 1994); cf. Sekaquaptewa v. MacDonald, 544 F.2d 396, 406 (9th Cir. 1976) (absent a stay, district courts have the authority to enforce their orders while an appeal is pending), cert. denied, 430 U.S. 931 (1977).
 
 
 9
 Next, Douglas contends that the district court's October 7, 1993 order enforcing the summons is defective because he received no notice of the hearing. The record clearly indicates, however, that Douglas was provided with Fed. R. Civ. P. 5(b) notice. Moreover, on appeal Douglas cannot challenge the order underlying the contempt proceeding. See United States v. Rylander, 460 U.S. 752, 756 (1983) ("a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed ....") (quoting Maggio v. Zeitz, 333 U.S. 56, 69 (1948).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The United States motion to dismiss this appeal for Douglas's failure to pay sanctions imposed in a prior related appeal is denied